IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

)
ADIL SAID AL HAJ OBEID AL BUSAYSS)
    *et al.*    )
        Petitioners,    )
                )
v.    )    Civil Action No. 04-CV-1254 (HHK)
                )
GEORGE W. BUSH,    )
    President of the United States, *et al.,* )
        Respondents.    )
                )
_____)

## **DECLARATION OF JAMES R. CRISFIELD JR.**

Pursuant to 28 U.S.C. § 1746, I, Commander James R. Crisfield Jr., Judge Advocate General's Corps, United States Navy, hereby state that to the best of my knowledge, information and belief, the following is true, accurate and correct:

    1.    I am the Legal Advisor to the Combatant Status Review Tribunals. In that capacity I am the principal legal advisor to the Director, Combatant Status Review Tribunals, and provide advice to Tribunals on legal, evidentiary, procedural, and other matters. I also review the record of proceedings in each Tribunal for legal sufficiency in accordance with standards prescribed in the Combatant Status Review Tribunal establishment order and implementing directive.

    2.    I hereby certify that the documents attached hereto constitute a true and accurate copy of the portions of the record of proceedings before the Combatant Status Review Tribunal related to petitioner Adil Said Al Haj Obeid Al Busayss that are suitable for public release. The portions of the record that are classified or considered law enforcement sensitive are not attached hereto. I have redacted information that would personally identify certain U.S. Government

personnel in order to protect the personal security of those individuals. I have also redacted internee serial numbers because certain combinations of internee serial numbers with other information become classified under applicable classification guidance.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 30 Sep 04

James R. Crisfield Jr.
CDR, JAGC, USN



# Department of Defense
### Director, Combatant Status Review Tribunals

OARDEC/Ser:
29 September 2004

**FOR OFFICIAL USE ONLY**

From: Director, Combatant Status Review Tribunal

Subj: **REVIEW OF COMBATANT STATUS REVIEW TRIBUNAL FOR DETAINEE ISN #**

Ref: (a) Deputy Secretary of Defense Order of 7 July 2004
(b) Secretary of the Navy Order of 29 July 2004

1. I concur in the decision of the Combatant Status Review Tribunal that Detainee ISN # meets the criteria for designation as an Enemy Combatant, in accordance with references (a) and (b).

2. This case is now considered final, and the detainee will be scheduled for an Administrative Review Board.

J. M. McGARRAH
RADM, CEC, USN

Distribution:
NSC (Mr. John Bellinger)
DoS (Ambassador Prosper)
DASD-DA
JCS (J5)
SOUTHCOM (CoS)
COMJTFGTMO
OARDEC (Fwd)
CITF Ft Belvoir

**FOR OFFICIAL USE ONLY**

UNCLASSIFIED

28 Sep 04

MEMORANDUM

From: Legal Advisor
To:   Director, Combatant Status Review Tribunal

Subj: LEGAL SUFFICIENCY REVIEW OF COMBATANT STATUS REVIEW TRIBUNAL FOR DETAINEE ISN # ▓▓

Ref:  (a) Deputy Secretary of Defense Order of 7 July 2004
      (b) Secretary of the Navy Implementation Directive of 29 July 2004

Encl: (1) Appointing Order for Tribunal #6 of 13 September 2004
      (2) Record of Tribunal Proceedings

1. Legal sufficiency review has been completed on the subject Combatant Status Review Tribunal in accordance with references (a) and (b). After reviewing the record of the Tribunal, I find that:

   a. The detainee was properly notified of the Tribunal process and voluntarily elected not to participate in the Tribunal.

   b. The Tribunal was properly convened and constituted by enclosure (1).

   c. The Tribunal complied with the provisions of references (a) and (b). Note that some information in exhibits R-5, R-6, R-7 and R-8 was redacted. The FBI properly certified in exhibit R-2 that the redacted information would not support a determination that the detainee is not an enemy combatant.

   d. The detainee made no requests for witnesses or other evidence.

   e. The Tribunal's decision that detainee #▓▓ is properly classified as an enemy combatant was unanimous.

   f. The detainee's Personal Representative was given the opportunity to review the record of proceedings and declined to submit comments to the Tribunal.

2. The proceedings and decision of the Tribunal are legally sufficient and no corrective action is required.

3. I recommend that the decision of the Tribunal be approved and the case be considered final.

James R. Crisfield Jr.
CDR, JAGC, USN

UNCLASSIFIED



# Department of Defense
## Director, Combatant Status Review Tribunals

13 Sep 04

From: Director, Combatant Status Review Tribunals

Subj: APPOINTMENT OF COMBATANT STATUS REVIEW TRIBUNAL #6

Ref: (a) Convening Authority Appointment Letter of 9 July 2004

By the authority given to me in reference (a), a Combatant Status Review Tribunal established by "Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba" dated 29 July 2004 is hereby convened. It shall hear such cases as shall be brought before it without further action of referral or otherwise.

The following commissioned officers shall serve as members of the Tribunal:

MEMBERS:

███████████████ Colonel, U.S. Army; President

███████████████ Commander, JAGC, U.S. Navy; Member (JAG)

███████████████ Lieutenant Colonel, U.S. Marine Corps; Member

J. M. McGARRAH
Rear Admiral
Civil Engineer Corps
United States Naval Reserve



**HEADQUARTERS, OARDEC FORWARD**
GUANTANAMO BAY, CUBA
APO AE 09360

22 September 2004

MEMORANDUM FOR DIRECTOR, CSRT

FROM: OARDEC FORWARD Commander

SUBJECT: CSRT Record of Proceedings ICO ISN# ▊

1. Pursuant to Enclosure (1), paragraph (I)(5) of the *Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba* dated 29 July 2004, I am forwarding the Combatant Status Review Tribunal Decision Report for the above mentioned ISN for review and action.

2. If there are any questions regarding this package, point of contact on this matter is the undersigned at DSN 660-3088.

DAVID L. TAYLOR
Colonel, USAF

SECRET//NOFORN//X1

### (U) Combatant Status Review Tribunal Decision Report Cover Sheet

(U) This Document is UNCLASSIFIED Upon Removal of Enclosure (2).

(U) TRIBUNAL PANEL: __#6__

(U) ISN#: ███

Ref: (a) (U) Convening Order for Tribunal #6 of 13 September 2004 (U)
(b) (U) CSRT Implementation Directive of 29 July 2004 (U)
(c) (U) DEPSECDEF Memo of 7 July 2004 (U)

Encl: (1) (U) Unclassified Summary of Basis For Tribunal Decision (U)
(2) (U) Copies of Documentary Evidence Presented (S/NF)
(3) (U) Personal Representative's Record Review (U)

1. (U) This Tribunal was convened by references (a) and (b) to make a determination as to whether the detainee meets the criteria to be designated as an enemy combatant as defined in reference (c).

2. (U) On 17 September 2004, the Tribunal determined, by a preponderance of the evidence, that Detainee #███ is properly designated as an enemy combatant as defined in reference (c).

3. (U) In particular, the Tribunal finds that this detainee is a member of, or affiliated with, Taliban forces, as more fully discussed in the enclosures.

4. (U) Enclosure (1) provides an unclassified account of the basis for the Tribunal's decision. A detailed account of the evidence considered by the Tribunal and its findings of fact are contained in enclosure (1).

███
Colonel, U.S. Army
Tribunal President

DERV FM: Multiple Sources   SECRET//NOFORN//X1
DECLASS: X1

UNCLASSIFIED//FOUO

# UNCLASSIFIED SUMMARY OF BASIS FOR TRIBUNAL DECISION

(Enclosure (1) to Combatant Status Review Tribunal Decision Report)

TRIBUNAL PANEL: #6
ISN #: ▓▓▓

## 1. Introduction

As the Combatant Status Review Tribunal (CSRT) Decision Report indicates, the Tribunal has determined that this detainee is properly classified as an enemy combatant and was a part of or supporting Taliban forces. In reaching its conclusions, the Tribunal considered both classified and unclassified information. The following is an account of the evidence considered by the Tribunal and other pertinent information.

## 2. Synopsis of Proceedings

The Recorder presented Exhibit R-1 during the unclassified portion of the Tribunal. It indicates, among other things, that the detainee was a Taliban fighter, that he attended a Taliban training camp north of Kabul, and that he fought on the front lines against the Northern Alliance until he withdrew from his fighting positions three days before Ramadan in 2001 (November – December 2001). The detainee escaped through the Tora Bora region of Afghanistan to Pakistan, where he surrendered his weapon and was arrested by the Pakistani police in December 2001. The Recorder called no witnesses, but did introduce classified evidence (Exhibits R-3 through R-17) during a closed session of the Tribunal. The detainee chose not to participate in the Tribunal process as reflected in the Detainee Election Form (Exhibit D-A). Although there was no substantive evidence presented during the unclassified portion of the Tribunal, the classified exhibits supported the assertions on the Unclassified Summary of Evidence.

## 3. Evidence Considered by the Tribunal

The Tribunal considered the following evidence in reaching its conclusions:

   a. Exhibits: R-1 through R-17 and D-A.

   b. Testimony of the following persons: None.

   c. Statement of the detainee: None.

## 4. Rulings by the Tribunal on Detainee Requests for Evidence or Witnesses

The Detainee requested no witnesses.

The Detainee requested no additional evidence be produced.

UNCLASSIFIED//FOUO 

ISN # ▓▓▓
Enclosure (1)
Page 1 of 2

UNCLASSIFIED//FOUO

### 5. Discussion of Unclassified Evidence

The Recorder offered Exhibit R-1 into evidence during the unclassified portion of the proceeding. Exhibit R-1 is the Unclassified Summary of Evidence. As noted above, it indicates, among other things, that the detainee was a Taliban fighter and that he fought on the front lines against the Northern Alliance until he withdrew from his fighting positions three days before Ramadan in 2001 (November – December 2001). The detainee then escaped through the Tora Bora region of Afghanistan to Pakistan, where he surrendered his weapon and was arrested by the Pakistani police in December 2001. The classified exhibits, particularly Exhibits R-6 through R-8, support all of the assertions on the Unclassified Summary of Evidence. The Tribunal noted Exhibit R-11 is identical to Exhibit R-6, and Exhibit R-12 corresponds to Exhibit R-7, although Exhibit R-12 is missing a page. Because the Tribunal had Exhibit R-7, which was complete, the Tribunal did not request the missing page of Exhibit R-12. After considering all of the evidence, the Tribunal found that the detainee is properly classified as an enemy combatant.

### 6. Consultations with the CSRT Legal Advisor

None.

### 7. Conclusions of the Tribunal

Upon careful review of all the evidence presented in this matter, the Tribunal makes the following determinations:

   a. The detainee chose not to participate in the Tribunal proceeding. No evidence was produced that caused the Tribunal to question whether the detainee was mentally and physically capable of participating in the proceeding, had he wanted to do so. Accordingly, no medical or mental health evaluation was requested or deemed necessary.

   b. The Personal Representative informed the Tribunal that the detainee understood the Tribunal process, but chose not to participate, as indicated in Exhibit D-A.

   c. The detainee is properly classified as an enemy combatant because he was part of or supporting Taliban forces.

### 8. Dissenting Tribunal Member's report

None. The Tribunal reached a unanimous decision.

Respectfully submitted,



Colonel, U.S. Army
Tribunal President

UNCLASSIFIED//FOUO 

ISN #
Enclosure (1)
Page 2 of 2

UNCLASSIFIED//FOUO

# DETAINEE ELECTION FORM

Date: 14 Sept 2004

Start Time: 1400

End Time: 1505

ISN#: ▓

Personal Representative: ▓▓▓▓▓▓▓▓
(Name/Rank)

Translator Required? YES        Language? ARABIC

CSRT Procedure Read to Detainee or Written Copy Read by Detainee? READ TO HIM

**Detainee Election:**

☐ Wants to Participate in Tribunal

☒ **Affirmatively Declines to Participate in Tribunal**

☐ Uncooperative or Unresponsive

**Personal Representative Comments:**

Detainee ▓ affirmatively declined to participate in the Tribunal. He stated that he did not have any evidence to present to counter the statement in his unclassified summary. He does not want me to make any statements or present any evidence on his behalf.

Personal Representative: ▓▓▓▓▓▓▓

UNCLASSIFIED//FOUO

EXHIBIT D-A

**UNCLASSIFIED**

**Combatant Status Review Board**

TO: Tribunal Member

FROM: OIC, CSRT (03 September 2004)

Subject: Summary of Evidence for Combatant Status Review Tribunal AL BUSAYSS, Adil Said Al Haj Obeid.

1. Under the provisions of the Secretary of the Navy Memorandum, dated 29 July 2004, *Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base Cuba*, a Tribunal has been appointed to review the detainee's designation as an enemy combatant.

2. An enemy combatant has been defined as "an individual who was part of or supporting the Taliban or al Qaeda forces, or associated forces that are engaged in hostilities against the United States or its coalition partners. This includes any person who committed a belligerent act or has directly supported hostilities in aid of enemy armed forces."

3. The United States Government has previously determined that the detainee is an enemy combatant. This determination is based on information possessed by the United States that indicates that he is a Taliban fighter.

   a. The detainee is a Taliban fighter:

      1. The detainee, a Yemen citizen, admitted he traveled from Sanaa, Yemen through Karachi, Pakistan to Kabul, Afghanistan to a attend a Taliban training camp during the beginning of Ramadan, 2000.

      2. The detainee attended the training camp north of Kabul, Afghanistan, for one month, during which he received training on hand grenades, Rocket-Propelled Grenades, Kalishnikov rifles, machine guns, and physical training.

      3. The detainee was issued a Kalishnikov rifle and ammunition, two hand grenades, and a machine gun.

      4. The detainee stated that on the front line, there was no differentiation between the Taliban and al Qaeda fighters; they fought along side each other.

   b. The detainee participated in military operations against the coalition.

      1. The detainee fought with the Taliban on the front line for 2 - 3 months.

      2. The detainee's unit withdrew from their fighting positions three days prior to Ramadan 2001 (November - December 2001).

      3. When detainee's leader advised the fighters could stay, or escape, the detainee left Tora Bora with others to Pakistan.

**UNCLASSIFIED**

Page 1 of 2    EXHIBIT R-1

      4. The detainee then traveled to Pakistan where he surrendered his weapon and was arrested by Pakistani police in December 2001.

4. The detainee has the opportunity to contest his designation as an enemy combatant. The Tribunal will endeavor to arrange for the presence of any reasonably available witnesses or evidence that the detainee desires to call or introduce to prove that he is not an enemy combatant. The Tribunal President will determine the reasonable availability of evidence or witnesses.

UNCLASSIFIED

# Memorandum



To : Department of Defense  Date 09/08/2004
Office of Administrative Review
for Detained Enemy Combatants
Col. David Taylor, OIC, CSRT

From : FBI GTMO
Counterterrorism Division
████████████ 9/8/04

Subject: REQUEST FOR REDACTION OF
NATIONAL SECURITY INFORMATION
ADIL SAID AL-HAJ (ISN ███)

  Pursuant to the Secretary of the Navy Order of 29 July 2004, Implementation of Combatant Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba, Section D, paragraph 2, the FBI requests redaction of the information herein marked[1]. The FBI makes this request on the basis that said information relates to the national security of the United States[2]. Inappropriate dissemination of said information could damage the national security of the United States and compromise ongoing FBI investigations.

CERTIFICATION THAT REDACTED INFORMATION DOES NOT SUPPORT A
DETERMINATION THAT THE DETAINEE IS NOT AN ENEMY COMBATANT

  The FBI certifies the aforementioned redaction contains no information that would support a determination that the detainee is not an enemy combatant.

  The following documents relative to ISN ███ have been redacted by the FBI and provided to the OARDEC:

FD-302 dated 03/25/2002
FD-302 dated 03/26/2002

---

[1] Redactions are blackened out on the OARDEC provided FBI document.

[2] See Executive Order 12958

UNCLASSIFIED

Page 1 of 5     Exhibit R2

UNCLASSIFIED

Memorandum from ████████████ to Col. David Taylor
Re: REQUEST FOR REDACTION, 09/08/2004

    If you need additional assistance, please contact On Scene Commander ████████████████████████████████, or Intelligence Analyst ████████████████████████████████

-2-

UNCLASSIFIED

UNCLASSIFIED

# Memorandum



| | | |
|---|---|---|
| To : | Department of Defense<br>Office of Administrative Review<br>for Detained Enemy Combatants,<br>Col. David Taylor, OIC, CSRT | Date 09/16/2004 |
| From : | FBI GTMO<br>Counterterrorism Division,<br>Office of General Counsel,<br>Asst. Gen. Counsel ▪▪▪▪ | |
| Subject: | REQUEST FOR REDACTION OF<br>NATIONAL SECURITY INFORMATION<br>ISN ▪▪▪ | |

Pursuant to the Secretary of the Navy Order of 29 July 2004, Implementation of Combatant Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba, Section D, paragraph 2, the FBI requests redaction of the information herein marked[1]. The FBI makes this request on the basis that said information relates to the national security of the United States[2]. Inappropriate dissemination of said information could damage the national security of the United States and compromise ongoing FBI investigations.

CERTIFICATION THAT REDACTED INFORMATION DOES NOT SUPPORT A DETERMINATION THAT THE DETAINEE IS NOT AN ENEMY COMBATANT

The FBI certifies the aforementioned redaction contains no information that would support a determination that the detainee is not an enemy combatant.

The following documents relative to ISN ▪▪▪ have been redacted by the FBI and provided to the OARDEC, GTMO:

FD-302 dated 05/20/2002
FD-302 dated 06/03/2002

---

[1] Redactions are blackened out on the OARDEC provided FBI document.

[2] See Executive Order 12958

UNCLASSIFIED

Page 4 of 5

Memorandum from ▓▓▓▓▓▓▓ to Col. David Taylor
Re:   REQUEST FOR REDACTION, 09/16/2004

    If you need additional assistance, please contact
Assistant General Counsel ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Intelligence Analyst

UNCLASSIFIED//FOUO

## Personal Representative Review of the Record of Proceedings

I acknowledge that on 17 September 2004, I was provided the opportunity to review the record of proceedings for the Combatant Status Review Tribunal involving ISN #▮

__X__ I have no comments.

____ My comments are attached.

Name

Signature

17 Sept 2004
Date

ISN # 
Enclosure (3)

UNCLASSIFIED//FOUO