IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MAHMOAD ABDAH, *et al.*, | ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | Civil Action No. 04-1254 (HHK) |
| GEORGE W. BUSH, *et al.*, | ) ) ) | |
| Respondents. | ) ) | |

**RESPONDENTS' OPPOSITION TO EMERGENCY MOTION
FOR INQUIRY INTO RESPONDENTS' COMPLIANCE
WITH DOCUMENT PRESERVATION ORDER**

Petitioners ask this Court to conduct, on very short notice, an evidentiary hearing at which respondents would be required to make witnesses available to testify concerning the government's compliance with a document preservation order entered in this case. Because petitioners have not established that there is any likelihood that the government has not complied with that order or that it would otherwise be appropriate to hold such a hearing, their motion should be denied.

**I.   Based on Petitioners' Own Allegations, the Tapes at Issue Were Not Covered By This Court's Preservation Order**

Petitioners have not established that it is likely that the government has not complied with the Court's June 10, 2005 Order. Under that Order, the government was required to preserve information "regarding the torture, mistreatment, and abuse of *detainees now at the United States Naval Base at Guantánamo Bay, Cuba*" (emphasis added). Petitioners base their arguments on the proposition that the CIA has acknowledged destroying tapes regarding the interrogation during the 2002 timeframe of Abu Zubaydah. But Abu Zubaydah is not a petitioner in this

matter, and petitioners have neither alleged nor shown that he was a detainee at Guantanamo Bay when the Court entered its Order on June 10, 2005. As a result, petitioners do not seriously contend that the tapes of Abu Zubaydah's interrogation reflect "the torture, mistreatment, and abuse of *detainees now at the United States Naval Base at Guantánamo Bay, Cuba*" – that is, those detainees at Guantanamo on June 10, 2005 – and were thus covered by the terms of this Court's June 2005 Order.

## II.   Pending Investigations and Inquiries Should Proceed Without Separate Judicial Inquiry

Petitioners appear to be inviting this Court to act in the exercise of its inherent powers to hold an inquiry. Not only have petitioners failed to demonstrate that the destruction of tapes could have been covered by the Court's June 2005 Order, they have failed to demonstrate a sufficient basis for the Court to take extraordinary measures to open a judicial inquiry in circumstances such as this, particularly where the Supreme Court has admonished that such inherent powers "must be exercised with restraint and discretion." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980). In light of the current inquiries by the political branches into the destruction of the tapes that occasioned petitioners' motion, it would not be appropriate to institute a judicial inquiry.[1]

---

[1] Petitioners' request that this Court act precipitously to convene an unnecessary hearing in a case in which it lacks jurisdiction (*see infra* § III) and into a matter that would likely implicate sensitive issues (such as how to deal with classified information) would not be consistent with the Supreme Court's expectation that:

> [A] District Court would proceed with the caution that we have indicated is necessary in this setting, engaging in a factfinding process that is both prudent and incremental. We have no reason to doubt that courts faced with these sensitive matters will pay proper heed both to the matters of national security that might arise in an individual case and to the constitutional limitations safeguarding essential liberties that remain vibrant even in

As the Court may be aware, the Department of Justice already has begun a preliminary inquiry into the destruction of the tapes. *See* United States Department of Justice Press Release dated December 8, 2007 (describing "preliminary inquiry" as "procedure" used by Department of Justice to determine whether to proceed to fuller investigation) (attached as Exhibit A); Letter from Kenneth L. Wainstein, Assistant Attorney General, National Security Division, U.S. Department of Justice, to John A. Rizzo, Acting General Counsel, Central Intelligence Agency, dated December 8, 2007 ("the Department of Justice will conduct a preliminary inquiry into the facts to determine whether further investigation is warranted. I understand that you have undertaken to preserve any records or other documentation that would facilitate this inquiry. The Department will conduct this inquiry in conjunction with the CIA's Office of Inspector General (OIG).") (attached as Exhibit B).

When the Department of Justice is actively engaged in gathering the facts, determining whether the facts rise to the level of warranting a further investigation, and emphasizing, on its own, the importance of the CIA's preservation of relevant material, proceeding hastily into a separate judicial inquiry – particularly where petitioners have failed to demonstrate any action in violation of the Court's preservation order – is both unnecessary and potentially disruptive. Indeed, requiring individuals potentially involved in the destruction of the tapes to testify before this Court at the same time as the Department of Justice is inquiring into what such individuals

---

times of security concerns.

*Hamdi v. Rumsfeld*, 542 U.S. 507, 538-39 (2004). (Of course, the petitioner in *Hamdi* was a United States citizen. The question of whether aliens held outside the United States, such as petitioners here, could assert constitutional protections was decided by the Court of Appeals against petitioners and is one of the questions currently before the Supreme Court in *Boumediene*.)

may have done could potentially complicate the ongoing efforts to arrive at a full factual understanding of the matter.[2]

### III.  The Court Lacks Jurisdiction

Aside from petitioners' failure to show why a hearing in this Court is needed at all, or that it would be prudent given the potential disruption that could result from a separate judicial inquiry, the Court should not grant petitioners' motion for the simple reason that the Court lacks jurisdiction over this petition.  Unless and until the Supreme Court acts in a way that changes the law as set forth in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), *cert. granted*, 127 S. Ct. 3078 (June 29, 2007), the law in this Circuit is clear that the Court does not have jurisdiction over the subject matter of this petition.  For that reason, the Court should forbear from proceeding with a judicial inquiry as requested by petitioners' motion.

\* \* \* \* \*

Given that petitioners' assertions fail to demonstrate any incident covered by the plain terms of this Court's June 2005 Order, that separate investigations by the political branches have begun, and that this Court lacks jurisdiction over this petition in any event, petitioners' motion seeking a judicial inquiry should be denied.

---

[2] In addition to the Department of Justice, the Intelligence Committees of both the House of Representatives and the Senate have announced their intention to conduct investigations into the tapes destruction matter.  *See* House Intelligence Committee Press Release, dated December 10, 2007 (attached as Exhibit C); Press Release from Office of Senator Jay Rockefeller, dated December 7, 2007 (attached as Exhibit D).

Dated: December 14, 2007                Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

CARL J. NICHOLS
Deputy Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel

  /s/   *Terry M. Henry*
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
JUDRY L. SUBAR (D.C. Bar No. 347518)
TERRY M. HENRY
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel:  (202) 514-4107

Attorneys for Respondents