# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE:<br><br>GUANTANAMO BAY DETAINEE LITIGATION | Misc. No. 08-mc-0442 (TFH)<br><br>Civil Action No. 04-cv-1254 (HHK) |

## MEMORANDUM OPINION

Pending before the Court is Petitioner's Emergency Motion To Compel Access To Medical Records Of Petitioner Adnan Farhan Abdul Latif And For Other Miscellaneous Relief. In the motion, Petitioner's counsel seek immediate access to Petitioner's medical records and an order from this Court requiring officials at the United States Naval Base at Guantanamo Bay, Cuba, to provide Petitioner with a blanket and a mattress in his cell. For the reasons that follow, the Court will deny the motion.

In relevant part, Section 7 of the Military Commissions Act of 2006 ("MCA"), 28 U.S.C. § 2241(e), provides:

(1) No court, justice, or judge shall have jurisdiction to hear or consider an application for a writ of habeas corpus filed by or on behalf of an alien detained by the United States who has been determined by the United States to have been properly detained as an enemy combatant or is awaiting such determination.

(2) [N]o court, justice, or judge shall have jurisdiction to hear or consider any other action against the United States or its agents relating to any aspect of the detention, transfer, treatment, trial, or conditions of confinement of an alien who is or was detained by the United States and has been determined by the United States to have been properly detained as an enemy combatant or is awaiting such determination.

28 U.S.C. § 2241(e). Although the Supreme Court in *Boumediene v. Bush* held that MCA § 7

"operates as an unconstitutional suspension of the writ," 128 S. Ct. 2229, 2240 (2008), it focused its analysis on whether, and held only that, detainees could challenge the legality of their detention through constitutional habeas, *id*. at 2262 ("Petitioners, therefore, are entitled to the privilege of habeas corpus to challenge the legality of their detention."). Indeed, the Supreme Court explicitly refrained from deciding whether detainees are entitled to bring non-core habeas claims—i.e., claims for remedies other than release from unlawful detention, *see Munaf v. Geren*, 128 S. Ct. 2207, 2221 (2008) ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release." (internal citations omitted)), *Boumediene*, 128 S. Ct. at 2274 ("[W]e need not discuss the reach of the writ with respect to claims of unlawful conditions of treatment or confinement."). Thus, the Supreme Court did not directly speak to § 7(a)(2). Instead, although referring to § 7 generally, it held unconstitutional only that portion of § 7 that extinguishes a court's jurisdiction "to hear or consider an application for a writ of habeas corpus filed by or on behalf of an alien detained by the United States . . . as an enemy combatant," 28 U.S.C. § 2241(e)(1). Cognizant of the long-standing rule of severability, this Court, therefore, holds that § 7(a)(2) remains valid and strips it of jurisdiction to hear a detainee's claims that "relat[e] to any aspect of the detention, transfer, treatment, trial, or conditions of confinement," 28 U.S.C. 2241(e)(2). *See Alaska Airlines, Inc. v. Brock*, 480 U.S. 678, 684 (1987) (holding that a court must "refrain from invalidating more of the statute than is necessary whenever an act of congress contains unobjectionable provisions separable from those found to be unconstitutional" (internal alterations and quotations omitted)).

Rather than arguing that MCA § 7(a)(2) is unconstitutional, Petitioner contends his motion does not fall within § 7(a)(2)'s ambit but, instead, is merely a "modest" request for

2

relief to ensure that his access to the Court is not compromised. Pet'r Reply 9. The Court does not accept Petitioner's characterization of his motion. Indeed, Petitioner's request that this Court enter an order requiring officials at Guantanamo Bay to provide him with a blanket and mattress in his cell directly "relat[es]" to Petitioner's "detention, . . . treatment, . . . or conditions of confinement," 28 U.S.C. § 2241(e)(2). The Court, therefore, has no jurisdiction to hear the claim. *See id*. Likewise, the Court is without jurisdiction to consider Petitioner's claim for access to his medical records. Petitioner's motion for an order requiring the government to provide his counsel with his medical records so that counsel, in consultation with their own physicians, may decide whether to ask the Court for further assistance necessarily relates to an aspect of his "detention, . . . treatment, . . . or conditions of confinement," 28 U.S.C. § 2241(e)(2), as it seeks to involve this Court in the medical treatment decisions of officials at Guantanamo Bay.

In sum, while the Supreme Court's decision in *Boumediene* gives Petitioner the right to challenge the fact of his confinement, 128 S. Ct. at 2262 ("Petitioners, therefore, are entitled to the privilege of habeas corpus to challenge the legality of their detention."), it says nothing of his right to challenge the conditions of his confinement, *id*. at 2274 ("[W]e need not discuss the reach of the writ with respect to claims of unlawful conditions of treatment or confinement."). And MCA § 7(a)(2) extinguishes this Court's jurisdiction to hear claims relating to such conditions. The Court, therefore, will deny Petitioner's motion.

September 22, 2008                                /s/
                                         Thomas F. Hogan
                                         United States District Judge