UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAHMOAD ABDAH, et al.,

    Petitioners,

v.

BARACK H. OBAMA, et al.,

    Respondents.

Civil Action 04-01254 (HHK)

**ORDER**

Before the court is the "EMERGENCY MOTION OF PETITIONER ADNAN LATIF [ISN 156] TO PRAY AND USE THE TOILET WITHOUT WEARING SHACKLES" [#532], filed on June 22, 2009. ISN 156 requests that this court order the government (1) to allow him to pray and use the toilet unshackled when he meets with his counsel and (2) to arrange a meeting between himself and his counsel for a full session on June 23, 24 or 25. This motion follows a week of efforts to arrange a meeting between ISN 156 and his counsel.

David H. Remes, counsel for ISN 156, is currently in Guantanamo Bay, Cuba in order to meet with several of his clients who are detained there. Last week, the court conducted three unrecorded telephone conferences with Mr. Remes and Stephen P. Finn, attorney for respondents. Based on those conferences, the court understands that Mr. Remes was originally scheduled to meet with ISN 156 on Tuesday, June 16, 2009. According to Mr. Finn, however, ISN 156 refused to acknowledge the presence of the military personnel who went to retrieve ISN 156 for the meeting and also refused to acknowledge or sign a form indicating his refusal to meet with Mr. Remes.

ISN 156 is currently detained in the psychiatric ward and, according to Mr. Finn, the government's policy at Guantanamo Bay prohibits any detainee lawyer from entering that ward. Last week, Mr. Remes requested that this court order the government to bring ISN 156 to a meeting with him so that he could assess his client's condition and whether any perceived refusal to meet with Mr. Remes is informed and voluntary. During the telephone conferences, the court announced the principle that Mr. Remes would be permitted to meet with his client while at Guantanamo Bay, Cuba. Mr. Remes will be in Guantanamo Bay, Cuba until June 25, 2009.

According to the emergency motion and representations made during a fourth telephone conference today, last Thursday, June 18, 2009, ISN 156 agreed to meet with Mr. Remes and was taken to a meeting hut in Camp Echo where the meeting occurred. At around noon, Mr. Remes entered the meeting hut to begin his meeting with ISN 156; however, Mr. Remes' Arabic translator had to get lunch and so the meeting did not begin until sometime after 12:45 P.M. Shortly before 12:45 P.M., ISN 156 indicated that he wished to use the toilet and that he wished to pray at 1:05 P.M., the time for prayer. Apparently, each meeting hut is divided into a meeting area and a cage in which detainees may use the toilet and pray. While the military personnel permitted ISN 156 to be moved to the cage, they would not unshackle him while he used the toilet and prayed in the cage. Under these circumstances, the court is told, ISN 156 refused to continue the meeting and asked to return to his cell.

The court concludes that ISN 156 should not have to pray in shackles in order to meet with his counsel. Accordingly, the court will order the government to bring ISN 156 to meet with Mr. Remes for a full session at a time that does not conflict with ISN 156' s prayer schedule. Further, the court concludes that ISN 156 should not be restrained in such a way that

2

he is unable to use the toilet in a normal manner. The court, however, is not in a position to know what manner of restraint would permit ISN 156 to use the toilet in a normal manner and also protect him and others from any risk military personnel reasonably believe he might pose.[1] Therefore, the court will not address the matter any further in this order.

Accordingly, it is this 23rd day of June 2009, hereby

**ORDERED** that the government bring ISN 156 to a meeting with Mr. Remes for a full session at a time that does not conflict with ISN 156's prayer schedule on June 24, 2009 or June 25, 2009; and it is further

**ORDERED** that during the meeting, should ISN 156 need to use the toilet, the government must permit him to do so without employing restraints that would prevent him from using the toilet in a normal manner.

Henry H. Kennedy, Jr.
United States District Judge

---

[1] Apropos the "risk" that ISN 156 might pose, the court was informed of an incident when ISN 156 cut himself and threw his blood at his lawyer.