UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **MAKHTAR YAHIA NAJI AL WARAFI (ISN 117),** | ) ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | **Civil Action No. 04-1254 (RCL)** |
| **BARACK OBAMA, President of the United States,** *et al.*, | ) ) ) ) | |
| Respondents. | ) ) | |

## MEMORANDUM OPINION

This matter comes before the Court on respondents' Motion [684] for Leave to Amend the Factual Return for Petitioner Al Warafi (ISN 117) to Include Additional Evidence. Respondents filed their motion contemporaneously with their Motion for Judgment on the Record, which was due November 20, 2009. The motion for judgment on the record repeatedly cites to the exhibits that respondents seek to amend to the factual return. Petitioner opposes the motion and argues that he is unfairly prejudiced by respondents' motion because respondents did not provide petitioner with the new information until November 19, 2009. The Court agrees with petitioner and will deny the motion.

## DISCUSSION

The members of this Court have adopted a liberal policy of granting motions to amend respondents' factual returns. *See, e.g.*, *Anam v. Obama*, Civ. No. 04-1194, (D.D.C. Oct. 21, 2009) (Hogan, J.) (granting motion to amend the factual return, which was filed three weeks prior to the merits hearing); *Razak Ali v. Obama*, Civ. No. 09-745 (D.D.C. Aug. 28, 2009)

(Lamberth, C.J.) (granting respondents' third motion to amend the factual return).  The Court, however, will not adhere to this liberal policy if granting the motion to amend the factual return will unfairly prejudice the petitioner.

Here, the Court finds that granting respondents' motion will unfairly prejudice petitioner. The parties' motions for judgment on the record were due by November 20, 2009.  (Order [668], Nov. 3, 2009.)  On November 20, petitioner filed its motion for judgment on the record, and respondents filed their motions for judgment on the record and for leave to amend the factual return.  Respondents' motion for judgment on the record frequently cited to exhibits that respondents sought to amend to the factual return.

Respondents contend that petitioner will suffer no prejudice if their motion is granted because they provided petitioner with 13 of the 14 exhibits which they sought to amend to the factual return before filing their motion for judgment on the record.  This argument, however, is without merit because the exhibits were not provided until the night of November 19, 2009.  This eleventh hour production of documents surely prejudiced petitioner because petitioner's counsel did not have the time to address the new exhibits in petitioner's motion for judgment on the record.

In addition, Respondents contend that they were unable to file their motion earlier because the evidence was only recently discovered.  This argument is also without merit. Respondents had the documents for at least a few weeks because they relied upon them in their motion for judgment on the record.  Once they had the documents, respondents could have filed their motion or notified petitioner that they may file a motion for leave to amend.  Moreover, respondents cannot rely on a clearance dely to justify their last minute motion to amend.

Respondents control the clearance process and could have ordered expedited review of the documents that they intended to use.

Last, as respondents concede, the additional evidence contains no new allegations or justifications for petitioner's continued detention. They are merely additional support for information already in the return. As petitioner points out, such new information is not necessary to its case.

Accordingly, the Court will deny respondents' motion. A separate order shall issue this date.

Signed by Royce C. Lamberth, Chief Judge, on December 4, 2009.