~~SECRET//NOFORN~~

FILED WITH
COURT SECURITY OFFICER
6/14/2010
DATE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| MAHMOAD ABDAH, et al., | |
|---|---|
| Petitioners, | |
| v. | Civil Action No. 04-1254 (HHK) |
| BARACK H. OBAMA, et al, | |
| Respondents. | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is "Petitioner Yasein Khasem Mohammad Esmail [(ISN 522)]'s Motion for Reconsideration of the Court's April 8, 2010 Order Denying the Petition for a Writ of Habeas Corpus" [#838]. Petitioner asks the Court to reconsider its ruling based upon two findings it characterizes as clear error. Upon consideration of the motion, the opposition thereto, and the record of this case, the Court concludes that the motion shall be denied.

I.

In considering this motion, the Court is mindful that "a district court should not grant a motion for reconsideration unless the moving party shows new facts or clear errors of law which compel the court to change its prior position." *Nat'l Ctr. for Mfg. Scis. v. Dep't of Def.*, 199 F.3d 507, 511 (D.C. Cir. 2000) (citations omitted). Such a motion "is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Carter v. Wash. Metro. Area Transit Auth.*, 503 F.3d 143, 145 n.2 (D.C. Cir. 2007) (quoting *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*,

~~SECRET//NOFORN~~

90F.3d 1254, 1270 (7th Cir. 1996)) (internal quotation mark omitted). Petitioner fails to meet these standards here.

II.

First, Esmail argues that it was "clear error" for the Court to rely on incriminating statements he made while in custody. Pet'r's Mot. for Recons. at 2. He makes three points in support of this assertion: (1) that the Court was wrong to draw any inference from the addition of details regarding alleged abuse while in custody in a declaration Esmail filed shortly before his hearing that did not appear in a declaration submitted earlier; (2) that the Court failed to take into account the "totality of the circumstances" in ruling that Esmail's early statements in U.S. custody were reliable even though he had allegedly previously been tortured in Afghani custody; and (3) that other findings in the Court's memorandum opinion, in particular that Esmail's retraction of his statements is unpersuasive and that the statements contain indicia of reliability, are incorrect. Respondents contend that Esmail made or could have made these arguments at the merits hearing and that the Court's findings of fact were not incorrect.

The Court rejects Esmail's arguments. As noted above, a motion for reconsideration "is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Carter*, 503 F.3d at 145 n.2 (quoting *Caisse Nationale de Credit Agricole*, 90F.3d at 1270) (internal quotation mark omitted). The parties thoroughly addressed the issue of whether Esmail's statements were the product of torture or were instead reliable in their briefing and during the merits hearing. Esmail's allegations were serious and the Court treated them as such. But after carefully considering the evidence, including credible affidavits that directly contradicted some of Esmail's assertions, and

~~SECRET~~
2

SECRET//NOFORN

the arguments presented by both sides, the Court concluded that Esmail's allegations were exaggerated and it was appropriate to rely on his statements to interrogators. No facts Esmail now brings to the Court's attention demonstrate that the Court erred. The only new fact presented, that Esmail's counsel rather than Esmail decided not to include some details in Esmail's first declaration, does not change the Court's conclusion, which relied on a variety of factors.[1]

II.

Second, Esmail argues that it was clear error for the Court to find, based on inferences from the evidence before it, that Esmail was a fighter at the battle of Tora Bora. He asserts that the circumstantial evidence on which the Court relied was flawed and that evidence that he was in the vicinity of Tora Bora is insufficient to support an inference that he was a fighter in the battle that took place in the cave complex there. Respondents argue that the evidence in the record supports the Court's findings.

The Court is similarly unpersuaded by these arguments, which largely repeat assertions Esmail has already made. The Court seriously considered the parties' evidence and arguments in making this weighty decision. As the Court has noted in each of its opinions ruling on petitions for writs of habeas corpus brought by Guantanamo Bay detainees, these are unique cases that require consideration of atypical, and in some ways unsatisfying, evidence. But based on the information before it, the Court found that the facts respondents had shown by a preponderance

---

[1] Esmail presents a new piece of evidence, arguing that it is corroboration for his allegations of torture while in Afghani custody. See Pet'r's Mot. for Recons. at 5-6; id., Ex. A. The document, a summary of evidence presented to the Administrative Review Board in the case of another detainee, does not go to show any new facts. It only reinforces facts of which the Court was aware but not swayed in light of other information in the record.

SECRET
3

~~SECRET//NOFORN~~

of the evidence to be true supported the inference that Esmail was a fighter at Tora Bora.

The only new evidence Esmail presents goes to whether ISN 242, one of the two other detainees with whom Esmail was captured, was a fighter at Tora Bora. The document contains an assertion by ISN 242 that his statements to interrogators that he "carr[ied] a weapon" and "participated in battle" were "made just to satisfy the interviewer." Pet'r's Mot. for Recons., Ex. A at 2. But it does not necessarily disprove these allegations, and, more significantly, it does not call into question the evidence in the record of Esmail's case that ISN 549, the other detainee with whom Esmail was seized, was a fighter injured in battle. The document therefore does not demonstrate that the Court's opinion contains clear error.

III.

For the foregoing reasons, it is this 14th day of June, 2010 hereby **ORDERED** that Petitioner's motion for reconsideration [#838] is **DENIED**.

/s/ Henry H. Kennedy, Jr.
Henry H. Kennedy, Jr.
United States District Judge